1
2
3                          UNITED STATES DISTRICT COURT
4                                 DISTRICT OF NEVADA
5                                        * * *
6    JOSE ALBERTO MACHADO ,                      Case No. 3:25-cv-00079-MMD-CSD
7                                  Petitioner,              ORDER
8           v.
9    JOHN HENLEY, *et al.*,
10                                Respondents.
11

12          Jose Alberto Machado submitted a pro se petition for writ of habeas corpus under

13   28 U.S.C. § 2254 and has now paid the filing fee. (ECF Nos. 4, 8.) The Court has reviewed

14   the petition under Habeas Rule 4 and directs that it be served on Respondents.

15          A petition for federal habeas corpus should include all claims for relief of which

16   Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be

17   forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C.

18   §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his

19   petition, he should notify the court as soon as possible, perhaps by means of a motion to

20   amend his petition to add the claim.

21          Machado has also submitted a motion for appointment of counsel. (ECF No. 5.)

22   There is no constitutional right to appointed counsel in a federal habeas corpus

23   proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v.*

24   *Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed

25   counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint

26   counsel is generally discretionary. *See id.* § 3006A(a)(2) (authorizing appointment of

27   counsel "when the interests of justice so require"). However, counsel is appropriate if the

28

complexities of the case are such that denial of counsel would amount to a denial of due process and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Here, a jury convicted Machado of sexual assault and sentenced him to ten years to life in prison. (ECF No. 4 at 2.) But his petition appears to set forth his two claims with sufficient clarity. Machado merely states that he is untrained in the law and in legal research and notes that another inmate assisted him in preparing his petition. He hasn't shown that counsel is necessary to ensure due process. The Court concludes that counsel is not warranted and denies the motion.

It is therefore ordered that the Clerk of Court detach, file, and electronically serve the petition (ECF No. 4) on Respondents.

It is further ordered that that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Petitioner's motion for counsel (ECF No. 5) is denied without prejudice.

It is further ordered that Respondents file a response to the petition, including potentially by motion to dismiss, within 90 days of service of the petition, with any requests for relief by Petitioner otherwise subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below are entered under Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Omitted procedural

2

defenses will be subject to potential waiver. Respondents should not file a response that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court decision and record materials, if any, regarding each claim.

It is further ordered that Petitioner has 45 days from service of the answer, the motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by Petitioner or Respondents be filed with a separate index of exhibits identifying such by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

It is further ordered that the parties send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of the Court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501 and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

1     DATED THIS 2nd Day of June 2025.

2

3

                                      MIRANDA M. DU

4                                       UNITED STATES DISTRICT JUDGE

4